UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

GRACE MCCORMICK, on behalf of herself and
all others similarly situated,

                        Plaintiff,

                v.

KENVUE BRANDS LLC, d/b/a www.aveeno.com,
www.listerine.com, and www.ogxbeauty.com,

                        Defendant.

----------------------------------------------------------------

Case No.

**CLASS ACTION COMPLAINT
& DEMAND FOR JURY
TRIAL**

Plaintiff, **GRACE MCCORMICK,** ("Plaintiff" or "Ms. McCormick"), on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, JOSEPH & NORINSBERG, LLC, as and for their putative class action complaint upon Defendant, **KENVUE BRANDS LLC**, d/b/a www.aveeno.com, www.listerine.com, and www.ogxbeauty.com ("KENVUE" or "Defendant"), hereby alleges as follows:

## **INTRODUCTION**

1.      Plaintiff, GRACE MCCORMICK ("Plaintiff" or "Ms. McCormick"), is a resident of Bronx County, New York, and is permanently disabled due to advanced cone rod dystrophy—a progressive retinal disorder resulting in central and peripheral vision loss, photophobia, and color vision deficiency. As documented by Dr. Leon Aleksandrovich, MD, OD, and certified by the New York State Commission for the Blind, Ms. McCormick is legally blind, with near-total vision loss and no ability to read printed materials. She resides in an assisted living residence and functions primarily through auditory and tactile input. (See Exhibit A.)

1

2.      Ms. McCormick is a proficient and daily user of screen-reading software, including NVDA (NonVisual Desktop Access), which she uses to navigate digital environments independently. Having completed structured training through the Lighthouse Guild and other state-supported programs, she accesses websites, email, and legal documents with fluency and precision. Her command of keyboard navigation and screen-reader protocols enables her to engage with complex content, including product pages, forms, and e-commerce portals, without assistance. NVDA's compatibility with her preferred assistive technologies has made it indispensable to her autonomy and digital access.

3.      Plaintiff brings this civil rights action against Defendant, KENVUE BRANDS LLC, for its failure to design, construct, maintain, and operate its highly interactive consumer websites—www.aveeno.com, www.listerine.com, and www.ogxbeauty.com— in a manner that is fully accessible to and independently usable by blind and visually impaired individuals. Defendant's denial of full and equal access to these websites—and therefore to the essential products and services offered therein—constitutes a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

4.      Defendant, KENVUE BRANDS LLC, is a Delaware corporation with a principal business mailing address at 215 Park Avenue South, Suite 1801, New York, New York 10003. Defendant owns and operates the websites www.aveeno.com, www.listerine.com, and www.ogxbeauty.com (collectively, the "Websites") which offers consumers nationwide access to skincare, oral hygiene, and hair care products, along with ingredient education, promotional offers, and vendor purchasing links.

5.      The Websites are public-facing digital platforms that serve as primary consumer

access points for Kenvue' s product lines. Despite Kenvue' s scale, revenue, and public health branding, Defendant has failed to implement WCAG-compliant features across its Websites. Accessibility audits conducted by Plaintiff's counsel on multiple occasions confirm that the Websites contain persistent violations, including missing alternative text, unlabeled form fields, inaccessible carousels, keyboard navigation traps, lack of ARIA roles, and absence of skip links or semantic landmarks. These barriers obstruct independent access and prevent blind users from completing transactions.

6.    According to the U.S. Census Bureau's 2010 report, approximately 8.1 million people in the United States are visually impaired, including 2 million who are blind. The American Foundation for the Blind's 2015 report estimates that approximately 400,000 visually impaired individuals reside in the State of New York. Ms. McCormick is among this population and has been medically evaluated and certified as legally blind by multiple specialists.

7.    Congress has issued a clear and national mandate to eliminate discrimination against individuals with disabilities. This mandate includes the removal of barriers to full integration, independent living, and equal opportunity—barriers that are perpetuated by websites and other public accommodations that remain inaccessible to blind and visually impaired persons. Both New York State and New York City law similarly require places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

8.    Kenvue has operated its consumer websites for years, offering high-demand personal care products to a nationwide audience. Despite its market dominance and public health positioning, Defendant has failed to remediate known accessibility barriers. These failures reflect

3

a sustained and knowing disregard for the rights of individuals with disabilities, despite clear federal guidance and ample opportunity to comply.

9.      Plaintiff is deeply invested in maintaining her skincare, oral hygiene, and hair care regimen, and relies on ingredient transparency due to dermatological sensitivity. She specifically sought out Aveeno, Listerine, and OGX because of their reputations for clean formulations, dermatologist recommendations, and affordability. Plaintiff browsed the Websites intending to learn about product ingredients, compare vendor pricing, and complete purchases. However, unless Defendant remedies the numerous access barriers, Plaintiff will continue to be unable to independently navigate, browse, use, and complete transactions. Defendant is denying blind and visually impaired persons throughout the United States equal access to the goods and services it provides to non-disabled customers.

10.     Plaintiff seeks a permanent injunction requiring Defendant to revise its corporate policies, practices, and procedures to ensure that its Websites become and remain accessible to blind and visually impaired users, in accordance with WCAG 2.1 standards and the Americans with Disabilities Act.

## **JURISDICTION AND VENUE**

11.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12182 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, et seq.

12.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including those under the New York State Human Rights Law, Article 15

(Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., ("NYCHRL") and § 296 et seq.; and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts substantial and continuous business in this District through its interactive consumer websites—www.aveeno.com, www.listerine.com, and www.ogxbeauty.com. . Plaintiff, a legally blind resident of Bronx County, has repeatedly accessed and attempted to use these websites from her residence, which falls within the jurisdiction of the Southern District of New York ("SDNY"). A substantial portion of the discriminatory conduct giving rise to this action occurred within this District.

14.     Defendant, Kenvue Brands LLC, is registered to do business in New York State and actively solicits and transacts business with New York residents through its websites. Defendant has committed and continues to commit the acts alleged herein within this District, thereby violating the rights of consumers and causing injury to individuals in this jurisdiction. Courts routinely support venue placement in the district where the plaintiff attempted and failed to access the website. For example, in *Access Now, Inc. v. Otter Products, LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017), the court held that "although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim. Therefore, venue is proper in [the District of Massachusetts]." *Id.* at 294. The court further noted that this satisfies Due Process because the harm—the barred access to the website—occurred in the forum. *Id.* at 293. Similarly, in *Access Now, Inc. v. Sportswear, Inc.*, No. 17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018), the court

5

found that the defendant "availed itself of the forum state's economic activities by targeting the residents of the Commonwealth... Such targeting evinces a voluntary attempt to appeal to the customer base in the forum." *Id.* at *11.

15.    Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, Defendant targets and transacts with consumers in this District, and the discriminatory barriers encountered by Plaintiff occurred within the Southern District of New York.

## THE PARTIES

16.    Plaintiff, GRACE MCCORMICK, is and was at all relevant times a resident of Bronx County, New York.

17.    Plaintiff is legally blind and visually impaired, qualifying as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). She has advanced cone rod dystrophy, causing loss of central and peripheral vision, photophobia, and color vision deficiency. As certified by Dr. Leon Aleksandrovich, MD, OD, and documented by the New York State Commission for the Blind, this condition has resulted in **near-total blindness**, rendering her unable to read standard print or perceive visual detail. She is legally blind and functions primarily through auditory and tactile input.

18.    Defendant's Websites function as commercial places of public accommodation subject to Title III of the ADA and the NYCHRL. At all relevant times, Defendant has maintained control over the design, coding, and digital infrastructure of the Websites and is responsible for ensuring their compliance with applicable accessibility standards, including the Web Content

Accessibility Guidelines ("WCAG") 2.1 Level AA. Although the Websites include nominal references to accessibility in their footers, they lack meaningful ARIA labeling, semantic structure, and keyboard operability across key interactive features. These deficiencies render the Websites inaccessible to blind users and place Defendant on constructive notice of noncompliance.

## NATURE OF ACTION

19.     This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District, attempted to access Defendant's website using screen-reading software but encountered multiple access barriers that prevented meaningful engagement with its services. Defendant's failure to design and maintain its website in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

20.     The Internet has become a vital source of information and a primary tool for conducting everyday activities such as shopping, learning, banking, researching, and communicating—for sighted, blind, and visually impaired individuals alike.

21.     In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services

offered online.

22.    Blind and visually impaired users of Windows-enabled computers have access to several screen-reading software programs. Some are commercially available, while others—such as Nonvisual Desktop Access ("NVDA")—are free and widely used.

23.    Plaintiff, GRACE MCCORMICK is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. To access the Internet, Plaintiff relies on screen-reading software such as NVDA for Windows.

24.    Screen-reading software "translates the visual Internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user." *Andrews v. Blick Art Materials, LLC,* 286 F. Supp. 3d 365, 375 (E.D.N.Y. 2017). As Judge Weinstein explained:

> "The screen reading software uses auditory cues to allow a visually impaired user to effectively use websites. For example, when using the visual internet, a seeing user learns that a link may be 'clicked,' which will bring her to another webpage, through visual cues, such as a change in the color of the text… The screen reading software uses auditory—rather than visual—cues to relay this same information… Through a series of auditory cues read aloud by the screen reader, the visually impaired user can navigate a website by listening and responding with her keyboard."

> See also American Federation for the Blind, *Screen Readers*, AFB Technology Guide (last accessed June 12, 2025), estimating that 26 million American adults report sight deficiency.

25.    Plaintiff attempted to access Defendant's website on multiple occasions from her residence in Bronx County, including on August 21, 2025, and August 25, 2025. During these attempts, she sought to create an account, navigate product offerings, utilize interactive features

such as quizzes, and complete transactions independently. However, she encountered numerous accessibility barriers—such as unlabeled interactive elements, lack of keyboard navigation, and incompatible screen reader functionality—that effectively prevented her from using the Website without sighted assistance.

## **STANDING**

26.     Plaintiff GRACE MCCORMICK presents with **advanced cone rod dystrophy**, a progressive retinal disorder characterized by central and peripheral vision loss, photophobia, and color vision deficiency. As documented by Dr. Leon Aleksandrovich, MD, OD, and the New York State Commission for the Blind, this condition has resulted in **near-total blindness**, rendering her unable to read standard print or perceive visual detail. She is legally blind and functions primarily through auditory and tactile input. (see Ex. A)

27.     Ms. McCormick uses NVDA screen-reading software to access digital content and perform essential tasks. She relies on accessible websites to research skincare, oral hygiene, and hair care products, manage personal purchases, and engage with ingredient education and vendor selection tools.

28.     On August 21 and August 25, 2025, Plaintiff attempted to access www.aveeno.com, www.listerine.com, and www.ogxbeauty.com from her residence in Bronx County. She specifically sought to purchase the following products:

29.     Plaintiff was denied full and equal access due to persistent accessibility barriers, including:

9

☐ **Aveeno Apple Cider Vinegar Blend Clarify & Shine Conditioner**: selected for its sulfate-free formula and scalp-soothing oat extract, marketed for oily, dull hair.

☐ **Listerine Total Care Zero Alcohol Mouthwash**: selected due to oral sensitivity and the need for a fluoride-based, alcohol-free rinse.

☐ **OGX Renewing + Argan Oil of Morocco Shampoo**: selected for its moisturizing properties and suitability for color-treated hair.

30. While navigating these sites with NVDA, Plaintiff encountered multiple accessibility barriers that prevented her from completing a transaction independently. On Aveeno.com, product carousels lacked semantic labeling, and "Add to Cart" buttons were embedded in unlabeled icons, making vendor selection and price confirmation inaccessible. On Listerine.com, the "Flavor Finder" tool was mouse-dependent and failed keyboard navigation, while promotional banners lacked sufficient contrast and alt text. On OGXbeauty.com, product descriptions were embedded in inaccessible carousels, and purchase buttons lacked descriptive labels, preventing screen reader users from confirming product details or initiating checkout.

31. Plaintiff was denied full and equal access due to persistent accessibility barriers, including:

- Unlabeled buttons obstructing navigation and form submission
- Missing alt. text on promotional graphics and product images
- Keyboard traps and inaccessible modal dialogs
- Improper heading structure and skipped semantic landmarks
- Vendor links embedded in icons with no accessible name or role

32. Despite multiple failed attempts, Plaintiff remains interested in using www.aveeno.com, www.listerine.com, and www.ogxbeauty.com and intends to return once the

sites are made accessible. Her intent is not speculative—it is driven by necessity, as these platforms offer proprietary product formulations, ingredient transparency, and vendor integration not replicated elsewhere. Plaintiff relies on these sites to manage her personal care regimen and maintain digital independence.

33.    On September 20, 2025, Plaintiff's in-house accessibility expert conducted a comprehensive audit of the three websites using PowerMapper's SortSite program. The audit covered consumer-facing sections including product listings, checkout flows, ingredient panels, and vendor selection tools. See Exhibits B–D.

34.    The broken link report identified hundreds of pages containing links with empty href or src attributes, including navigation menus and promotional banners. These broken links triggered JavaScript errors and prevented screen readers from interpreting or activating key elements. Several pages also contained anchor links targeting non-existent IDs, rendering skip links and internal navigation unusable.

35.    The accessibility validation report uncovered dozens of Level A violations across thousands of pages, including:

- Missing alt text and placeholder descriptions such as "productImage," "promoBanner," and "carouselSlide"
- Autoplaying videos without pause controls
- Improperly structured tables and mouse-dependent controls lacking keyboard equivalents

36.    The audit also revealed markup errors that interfere with screen reader functionality, including duplicate IDs, empty button elements, and form controls with no accessible name. Numerous pages contained untagged PDFs, making critical documentation

inaccessible. Additionally, the tab order on many pages did not follow a logical sequence, causing confusion and disorientation during keyboard navigation.

37.     These findings constitute conclusive evidence of inaccessibility. The violations are systemic, recurring across thousands of pages, and directly impact the ability of blind users to browse products, compare ingredients, manage accounts, and execute purchases independently. Defendant's websites fail to meet the minimum standards required under Title III of the ADA.

38.     The accessibility barriers identified—such as missing alt text, non-descriptive link text, unlabeled form fields, keyboard traps, inaccessible modal dialogs, and improper heading structures—were not isolated glitches. They were systemic failures that denied Plaintiff the ability to browse, evaluate, and interact with consumer content independently and with dignity. These barriers violate WCAG 2.1 Level AA and constitute unlawful discrimination under 42 U.S.C. § 12182.

39.     Plaintiff's experience on [www.aveeno.com](www.aveeno.com), [www.listerine.com](www.listerine.com), and [www.ogxbeauty.com](www.ogxbeauty.com) was not merely inconvenient—it was exclusionary. Each attempt to access product information, compare vendors, or finalize a purchase ended in frustration, as unlabeled buttons, inaccessible modals, and mouse-dependent features blocked her path. She was unable to confirm product suitability, select a vendor, or participate in the shopping experience independently.

40.     Plaintiff's intent to return to these websites is imminent and repeated. She relies on the platforms' proprietary tools, curated product bundles, and ingredient transparency to perform essential tasks related to her personal care and digital autonomy.

41.     Kenvue's consumer websites are uniquely positioned in the personal care space.

Unlike third-party retailers, they offer:

☐ Direct access to proprietary product formulations

☐ Ingredient education panels and dermatologist-backed recommendations

☐ Vendor integration with promotional pricing and bundle options

☐ Exclusive access to curated products not available elsewhere

42.     Plaintiff has previously attempted to use alternative platforms, including Sephora.com and Ulta.com, but found them lacking in personalization, ingredient transparency, and interactive diagnostic tools. These platforms do not offer the same depth of engagement or tailored product matching required for Plaintiff's skincare and hygiene needs. depth of engagement or tailored product matching required for Plaintiff's skincare needs.

43.     Until the digital barriers on www.aveeno.com, www.listerine.com, and www.ogxbeauty.com are removed, Plaintiff remains excluded from platforms that purport to democratize access to personal care but fail to deliver accessibility to blind users.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff GRACE MCCORMICK brings this action on behalf of herself, and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access www.aveeno.com, www.listerine.com, or www.ogxbeauty.com and were denied equal access to their products, services, and support due to persistent digital accessibility barriers during the relevant statutory period.

45.     Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a)

and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access www.aveeno.com, www.listerine.com, or www.ogxbeauty.com and were similarly denied equal access to their offerings due to the same systemic barriers.

46. Common questions of law and fact exist among the Class, including:

47. Whether www.aveeno.com, www.listerine.com, and www.ogxbeauty.com qualify as "places of public accommodation" under Title III of the ADA;

48. Whether the websites' persistent accessibility barriers violate the ADA by denying blind users full and equal access to Kenvue's products, services, and support;

49. Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in the digital marketplace.

50. Plaintiff's claims are typical of the Class. Like other blind individuals, she relies on screen-reading software and keyboard navigation to access online platforms. She encountered the same systemic barriers—unlabeled buttons, inaccessible carousels, mouse-dependent controls, and unreadable product specifications—that affect all Class members.

51. Plaintiff will fairly and adequately represent the interests of the Class. She has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the websites' accessibility barriers.

53. Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because

common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

54.     Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use www.aveeno.com, www.listerine.com, or www.ogxbeauty.com and faced exclusion.

## FIRST CAUSE OF ACTION
### (Violations of the ADA, 42 U.S.C. § 12182 *et seq.*)

55.     Plaintiff, GRACE MCCORMICK, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

56.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

57.     Defendant KENVUE BRANDS LLC owns and operates www.aveeno.com, www.listerine.com, and www.ogxbeauty.com—interactive consumer websites that function as digital extensions of its public-facing retail operations. These websites are offered to the general public and constitute services of a place of public accommodation under Title III of the ADA. As such, they must be equally accessible to all consumers, including individuals with disabilities.

58.     Under Section 302(b)(1)(A)(i) of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

59.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

60.    Defendant's failure to design, construct, maintain, and operate its websites in a manner compatible with screen-reading software constitutes a violation of Title III of the ADA and its implementing regulations. Plaintiff, who is legally blind and substantially limited in the major life activity of sight, was denied full and equal access to Defendant's websites. She was unable to browse products, compare ingredients, select vendors, or complete transactions independently. Defendant has failed to take prompt and equitable steps to remediate these barriers, and the violations remain ongoing.

61.    Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

<u>**SECOND CAUSE OF ACTION**</u>
**(New York State Human Rights Law)**
**("NYSHRL")**

16

62.     Plaintiff, GRACE MCCORMICK, on behalf of herself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

63.     At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 et seq., governed the conduct of Defendant KENVUE BRANDS LLC.

64.     Plaintiff, as a result of her advanced cone rod dystrophy and near-total blindness, has a substantial impairment to a major life activity—sight—and qualifies as an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

65.     Defendant owns and operates www.aveeno.com, www.listerine.com, and www.ogxbeauty.com, which function as places of public accommodation within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" under Article 15 of N.Y. Executive Law § 292(1).

66.     Plaintiff has visited these websites on multiple occasions and encountered persistent accessibility barriers that obstructed her ability to browse products, compare ingredients, select vendors, and complete transactions independently.

67.     Under Article 15 of N.Y. Executive Law § 296(2)(a), it is an unlawful discriminatory practice for any person who owns or operates a place of public accommodation to deny, withhold, or refuse full and equal enjoyment of the accommodations, advantages, facilities, or privileges thereof based on disability.

68.     Discrimination under the NYSHRL includes the failure to adopt and implement reasonable modifications in policies, practices, or procedures when necessary to afford access to

individuals with disabilities. See N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

69.   Defendant has violated Article 15 of N.Y. Executive Law § 296(2) by:

a. Operating websites that are inaccessible to blind individuals who rely on screen-reading software;

b. Failing to remove access barriers or make accessibility features discoverable and usable by blind users;

c. Refusing to implement necessary modifications to afford equal access to the goods, services, and facilities offered to sighted individuals.

70.   Defendant's discriminatory conduct also includes a refusal to take steps necessary to ensure that individuals with disabilities are not excluded or denied services due to the absence of auxiliary aids and services, unless such steps would result in an undue burden or fundamental alteration. See N.Y. Executive Law § 296(2)(c).

71.   Established guidelines exist for making websites accessible to disabled individuals. The World Wide Web Consortium ("W3C") has published the Web Content Accessibility Guidelines ("WCAG") 2.1, which are widely adopted by large businesses and government agencies to ensure digital accessibility. Defendant has failed to implement these standards.

72.   Defendant's actions constitute intentional and willful discrimination against Plaintiff and the Subclass in violation of Article 15 of the NYSHRL. The violations are ongoing.

73.   Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

74.   Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs

and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

**THIRD CAUSE OF ACTION**
**(Violation of New York State Civil Rights)**
**("NYCRL")**

75.    Plaintiff, GRACE MCCORMICK, on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

76.    Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

77.    Under N.Y. Civil Rights Law § 40, all persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodation, resort, or amusement, subject only to lawful conditions applicable to all persons. No owner or operator of a place of public accommodation may directly or indirectly refuse, withhold, or deny such access on the basis of disability.

78.    Pursuant to N.Y. Civil Rights Law § 40-c, no person shall be subjected to discrimination in their civil rights on the basis of disability by any individual, firm, corporation, institution, or governmental entity.

79.    Under § 292(21) of the New York Executive Law, a disability includes any physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. Plaintiff's advanced cone rod dystrophy and resulting near-total blindness qualify her as disabled under the NYCRL.

19

80.    Defendant KENVUE BRANDS LLC discriminates against Plaintiff and the Subclass under NYCRL § 40 by operating consumer websites—www.aveeno.com, www.listerine.com, and www.ogxbeauty.com—that function as places of public accommodation but fail to provide full and equal access to blind and visually impaired individuals.

81.    Defendant has intentionally and willfully failed to remove digital access barriers from its websites, thereby excluding Plaintiff and the Subclass from meaningful participation in its offerings in violation of NYCRL § 40.

82.    Defendant has taken no steps to halt or correct its discriminatory conduct, and continues to deny blind users equal access to its digital platforms.

83.    Under N.Y. Civil Rights Law § 41, a corporation that violates §§ 40, 40-a, 40-b, or 42 is liable for a penalty of not less than one hundred dollars ($100.00) and not more than five hundred dollars ($500.00), recoverable by the aggrieved party in any court of competent jurisdiction in the county of residence.

84.    Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

**FOURTH CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

85.    Plaintiff, GRACE MCCORMICK, on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

86.    N.Y.C. Administrative Code § 8-107(4)(a) provides:

"It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

87.    Defendant KENVUE BRANDS LLC is subject to the NYCHRL because it owns and operates www.aveeno.com, www.listerine.com, and www.ogxbeauty.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

88.    Defendant has violated N.Y.C. Administrative Code § 8-107(4)(a) by failing to update or remove access barriers on its consumer websites, rendering them inaccessible to blind users. This inaccessibility denies blind patrons—including Plaintiff and the Sub-Class—full and equal access to the products, services, and facilities that Defendant makes available to the non-disabled public.

89.    Defendant is required to make reasonable accommodations for individuals with disabilities. N.Y.C. Admin. Code § 8-107(15)(a) mandates that any covered entity must provide such accommodations to enable a person with a disability to enjoy the rights in question, provided that the disability is known or should have been known.

90.    Defendant's conduct constitutes willful and intentional discrimination against the Sub-Class in violation of N.Y.C. Administrative Code §§ 8-107(4)(a) and 8-107(15)(a), in that Defendant has:

a. Constructed and maintained websites that are inaccessible to blind users, despite having knowledge of the barriers;

b. Maintained websites with accessibility barriers that are sufficiently obvious and intuitive to place Defendant on constructive notice;

c. Failed to take corrective action despite the substantial harm and exclusion caused to blind users.

91. Defendant has not taken any prompt or equitable steps to remedy the discriminatory conduct. The violations are ongoing and systemic.

92. As a result, Defendant continues to discriminate against Plaintiff and other members of the proposed class and subclass based on disability, denying them full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations, and opportunities offered through its websites. Unless enjoined by this Court, Plaintiff and the Class will continue to suffer irreparable harm.

93. Defendant's actions violate the NYCHRL, and Plaintiff seeks injunctive relief to compel remediation of the discriminatory barriers.

94. Plaintiff is also entitled to compensatory damages, civil penalties, and fines under N.Y.C. Administrative Code §§ 8-120(8) and 8-126(a), as well as punitive damages pursuant to § 8-502.

95. Plaintiff further seeks reasonable attorneys' fees and costs.

96. Pursuant to N.Y.C. Administrative Code §§ 8-120 and 8-126, and the remedies, procedures, and rights incorporated therein, Plaintiff prays for judgment as set forth in the Prayer for Relief below.

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief)**

97.    Plaintiff, GRACE MCCORMICK, on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

98.    An actual and justiciable controversy exists between the parties. Plaintiff contends—and is informed and believes that Defendant denies—that the websites www.aveeno.com, www.listerine.com, and www.ogxbeauty.com contain persistent accessibility barriers that deny blind and visually impaired individuals full and equal access to the products, services, and facilities offered therein. Plaintiff further contends that Defendant's failure to remediate these barriers violates applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182 et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq., which prohibit discrimination against individuals with disabilities.

99.    A judicial declaration is necessary and appropriate at this time so that the parties may understand their respective rights and obligations under federal and local disability access laws, and act accordingly to ensure compliance and prevent further harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

23

b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Websites fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Websites are readily accessible to and usable by blind individuals;

c.    A declaration that Defendant owns, maintains and/or operates the Websites in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d.    An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e.    Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

f.    Pre-judgment and post-judgment interest;

g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

24

Dated: New York, New York
        October 6, 2025

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschoenfeld@employeejustice.com